UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>OLVAN NAVARRO,<br><br>        Defendant. | Case No. 23-cr-00375-WHA-1 (VC)<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE ALSUP**<br><br>Re: Dkt. No. 39 |

      The motion to disqualify Judge Alsup is denied. To the extent the defendant complains of Judge Alsup's refusal to participate in the fast-track program, that itself does not warrant disqualification. The fast-track program contemplates that a presentence report will not be prepared before sentencing. The insistence on receiving a presentence report, which provides more information about the history and characteristics of the defendant, is well within a district judge's prerogative. *See* Fed. R. Crim. P. 32(c)(1)(A). The defendant also expresses concern that Judge Alsup has prejudged the case in the sense that he will refuse to conduct an individualized assessment of the section 3553(a) factors at sentencing. But the current record does not reflect such a refusal; indeed, the insistence on a presentence report suggests the contrary. More to the point, speculation about the possibility that Judge Alsup will refuse to conduct an individualized inquiry at sentencing is not a basis for disqualification; in the event this actually occurred, it could be the basis for an appeal. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Similarly, to the extent the defendant is concerned that Judge Alsup has improperly interfered with plea negotiations, the remedy lies in the Court of Appeals, not in a disqualification motion. *See In re Benvin*, 791 F.3d 1096, 1102 (9th Cir. 2015). Last, this Court has no comment on the propriety

of Judge Alsup's comments or demands regarding the Attorney General, except to say that this too does not present a basis for disqualification.

**IT IS SO ORDERED.**

Dated: February 1, 2024

_____
VINCE CHHABRIA
United States District Judge